UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16CV-P100-TBR

**DAVID MAURICE WATKINS**                                                                 **PLAINTIFF**

v.

**BRADLEY L. BOYD** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Maurice Watkins filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.  This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss the claims against the named Defendants and allow Plaintiff to amend his complaint.

**I.**

Plaintiff currently is an inmate at the Roederer Correctional Complex.  However, at the time he filed this lawsuit, he was a pretrial detainee at the Christian County Jail.  He names the following Defendants:  the Christian County Jail; Bradley L. Boyd, the Jailer of the Christian County Jail; Lt. Wesley Campbell, a deputy at the Christian County Jail; Col. Steve Howard, a supervisor at the Christian County Jail; the Princeton Police Department; and Trent Fox, a police officer with the Princeton Police Department.  He sues each individual in his official capacity only.

Plaintiff states that on March 31, 2016, he was tased by Defendant Campbell "while my hands was on the wall, and my back was turn."  He states, "I was in a cell by myself, Segregation I David Watkins, was [illegible] a threat to the security of the jail.  Lt Campbell, open the door, without cuffing my up, first. and tase me causing me to fall and Dislocation of the ulna at the elbow, I had to be sent to the Emergency Room at Jennie Stuart Medical Center."  Plaintiff states

that he was seen by an orthopedic doctor, who recommended surgery on April 4, 2016. He maintains that on May 2, 2016, "Sameer Badarudeen, recommendation was to start physical therapy for rehabilitation regaining the range of Motion of the elbow." Plaintiff maintains, "I didn't start my physical therapy until June 15-16, after my arm heal back the wrong way (Records Attached)." He states, "The jail Doctor order to send me on May 24-16 also, and he told me that Col. Steve Howard, who is a supervisor at the Christian County Jail, and Bradley L. Boyd, who is the jailer denied me therapy/refuse to provide medical treatment for prisoner's."

Plaintiff also states that on April 20, 2016, "Trent Fox was in contact with me at the Food Stamps Office in Princeton, Ky 42445 And seen that I had a Cast on my arm, and on April 24-16, He reinjury my arm when I was arrested on the 24th of April-16, Medical Records Attached."

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues the Christian County Jail and the Princeton Police Department. However, the Christian County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails and police departments, are not suable under § 1983. *Marbry v. Corr.*

3

*Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Christian County and the City of Princeton are the proper defendants. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Christian County and the City of Princeton are "persons" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court therefore will construe the claim against the Christian County Jail as a claim against Christian County and will construe the claim against the Princeton Police Department as against the City of Princeton.

In addition, official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Therefore, Plaintiff's official-capacity claims against Defendants Boyd, Campbell, and Howard are construed as brought against Christian County, and his official-capacity claim against Fox is construed as brought against the City of Princeton. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th

4

Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the complaint, Plaintiff alleges that he was subjected to two instances of excessive force and was denied proper medical treatment. However, Plaintiff does not allege that the action or inaction of any personnel occurred as a result of a policy or custom implemented or endorsed by either Christian County or the City of Princeton. Plaintiff's complaint appears to allege isolated occurrences affecting only him. As such, the complaint fails to establish a basis of liability against either municipality and therefore fails to state a cognizable § 1983 claim against these entities. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Therefore, Plaintiff's claims against the Christian County Jail/Christian County and the Princeton Police Department/City of Princeton and his official-capacity claims against Boyd, Campbell, Howard, and Fox must be dismissed for failure to state a claim upon which relief may be granted.

Therefore, this action is subject to dismissal. However, upon review, the Court finds that Plaintiff's claims may survive initial review if he had sued Defendants in their individual capacities. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even

5

when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to sue Defendants in their individual capacities.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the Christian County Jail and the Princeton Police Department and the official-capacity claims against Boyd, Campbell, Howard, and Fox are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name Defendants in their individual capacities, if he so chooses.

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with four summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reason stated herein**.

Date:

cc: Plaintiff, *pro se*
　　　Defendants
4413.010

6